IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02258-BNB

SHANE JOHNSON,

    Plaintiff,

v.

CARIE SWIBAS, individual and official capacity as dietician,
JO ANN BURT, individual and official capacity as dietician,
CHARLEEN CROCKETT, individual and official capacity as Food Service Administrator,
KATHLEEN BOYD, individual and official capacity as nurse,
RICK RAEMISCH, individual and official capacity as Executive Director, and
JULIE RUSSELL, ADA Inmate Coordinator,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Shane Johnson, is in the custody of the Colorado Department of Corrections (CDOC) at the Correctional Facility in Limon, Colorado. He has filed *pro se* a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. He has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Johnson will be ordered to file an amended complaint.

Mr. Johnson asserts claims in the Complaint under § 1983 for deprivation of his First Amendment free exercise rights, his Eighth Amendment right to humane conditions of confinement, and his constitutional right to petition the Court for redress of grievances. He also claims that his rights were violated under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, and Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132 and § 12182, *et seq.* Mr. Johnson seeks monetary and injunctive relief.

The Complaint is deficient because Mr. Johnson fails to allege the personal participation of Defendant Ewers and Raemisch in a deprivation of his constitutional or statutory rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant, such as CDOC Executive Director Raemisch, is not subject to liability under § 1983 on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). To hold Defendant Raemisch liable based on his promulgation of CDOC policies, the allegations of the Complaint must show that the execution of a CDOC policy caused the alleged

constitutional deprivation. *Dodds*, 614 F.3d at 1203.

Further, Mr. Johnson cannot maintain a claim against Defendant Ewers solely on the basis that she denied a grievance. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

In addition, Plaintiff's allegations that Defendant Russell, the ADA Inmate Coordinator, failed to ensure that he was housed in a single cell to accommodate his diagnosed paruerisis (shy bladder syndrome)--a condition that prevented him from urinating in another person's presence--fails to state an arguable claim for relief under Title II of the ADA.[1]

---

[1]The Court notes that Plaintiff may not assert the ADA claim against Defendant Russell in her individual capacity. *See Montez v. Romer*, 32 F.Supp.2d 1235, 1240-41 (D.Colo.1999); *see also* 42 U.S.C. § 12131(1)(B) (defining public entity as "any department, agency, special purpose district, or other instrumentality of a State or States or local government."). However, a liberal construction of the Complaint indicates that he is also is suing Defendant Russell in her official capacity. Therefore, the Court construes the Complaint as asserting an ADA claim against the Colorado Department of Corrections. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity). "[T]he proper defendant in a Title II claim is the public entity itself or an official acting in his or her official capacity." *Hicks v. Keller*, No. 11-cv-0422-WJM-KMT, 2012 WL 1414935, at *6 (D. Colo. April 24, 2012).

Title II of the ADA states, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." See 42 U.S.C. § 12132.  A disabled inmate's allegations that he was denied appropriate medical accommodation for his disability do not implicate the ADA. See Rashad v. Doughty, 4 F. App'x 558, 561 (10th Cir. 2001) (unpublished) (recognizing that the failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.1996) (concluding that the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners" and that the statute "does not create a remedy for medical malpractice"); Redding v. Hanlon, No. 06-4575 (DWF/RLE), 2008 WL 762078, at * 16 (D. Minn. March 19, 2008) (dismissing inmate's ADA claim where the plaintiff alleged that the defendants had denied him the single cell accommodation ordered by his doctor, not that he had been denied access to any service or program).  Mr. Johnson does not allege facts to show that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities because of a covered disability.  See Robertson v. Las Animas County Sheriff's Dept., 500 F.3d 1185, 1193 (10th Cir. 2007) (citation omitted).

In addition, to state an arguable Eighth Amendment claim against Defendant Russell, in her individual capacity, Mr. Johnson must allege facts to show that the Defendant acted with deliberate indifference to his serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976). Accordingly, it is

4

ORDERED that Plaintiff, Shane Johnson, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Johnson shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Johnson fails to file an amended complaint that complies with this order within the time allowed, some or all of this action may be dismissed without further notice.

DATED August 26, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge