IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02258-BNB

SHANE JOHNSON,

    Plaintiff,

v.

CARIE SWIBAS, individual and official capacity as dietician,
JO ANN BURT, individual and official capacity as dietician,
CHARLEEN CROCKETT, individual and official capacity as Food Service Administrator,
KATHLEEN BOYD, individual and official capacity as nurse,
PEGGY EWERS, individual and official capacity as nurse,
RICK RAEMISCH, individual and official capacity as Executive Director, and
JULIE RUSSELL, individual and official capacity as ADA Inmate Coordinator,

    Defendants.

## ORDER TO DISMISS IN PART AND TO ASSIGN CASE

    Plaintiff, Shane Johnson, is in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the Correctional Facility in Limon, Colorado. He initiated this action by filing, *pro se*, a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights.  Plaintiff also asserts claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et al.*, and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12132, 12182.

    On August 26, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Plaintiff failed to allege the personal participation of all named Defendants in an arguable deprivation of his constitutional rights.  (ECF No. 5).  Accordingly, Magistrate Judge Boland directed Mr. Johnson to file

an Amended Complaint within thirty days. (*Id.*). After obtaining an extension of time, Plaintiff filed an Amended Complaint on October 21, 2014. (ECF No. 9).

Mr. Johnson has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Mr. Johnson's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the Amended Complaint liberally because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Amended Complaint will be dismissed, in part.

**I. Claims Asserted in the Amended Complaint**

The Court construes the Amended Complaint liberally to assert the following claims for relief against the Defendants, in their official and individual capacities: (1) Defendants Burt, Swibas and Crockett violated Plaintiff's First Amendment free exercise rights, his Eighth Amendment rights, and the RLUIPA, by forcing him to choose between kosher meals that cause an allergic reaction and a non-kosher diet, and by removing his kosher diet, which caused his physical health to rapidly deteriorate; (2) Defendants Crockett and Boyd retaliated against Plaintiff for filing a grievance by

removing his kosher diet and medical snack, and also violated his Eighth Amendment rights; (3) Defendant Ewers violated Plaintiff's Eighth Amendment rights by failing to ensure that he received adequate medical care after he filed a grievance complaining about his severe weight loss and other physical maladies, and stating that medical personnel refused to respond to his sick call requests ; (4) Defendants Burt, Swibas Boyd, Ewers and Raemisch violated Plaintiff's rights under Title II of the ADA; and, (5) Defendant Russell violated Plaintiff's Eighth Amendment right to adequate medical care, and Title II of the ADA, by denying him a single cell medical accommodation after Plaintiff notified her that he suffered from paruresis ("shy bladder"), which prevents him from urinating in front of another person.  Mr. Johnson seeks monetary and injunctive relief.

## II. Analysis

### A. § 1983 claims

#### 1. Eleventh Amendment immunity

The Amended Complaint is deficient to the extent Plaintiff seeks monetary relief against the individual Defendants in their official capacities.  The official capacity claims are construed as claims asserted against the CDOC, an agency of the State of Colorado.  See *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (stating that claims asserted against government officials in their official capacities are construed against the governmental entity).   State agencies are entitled to Eleventh Amendment immunity, absent a waiver.  See generally *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (the immunity conferred by the Eleventh Amendment extends to the state and its

instrumentalities); *Steadfast Ins. Co. v. Agricultural Ins. Co.,* 507 F.3d 1250, 1256 (10th Cir. 2007) (recognizing that agency of the state is entitled to Eleventh Amendment immunity). Congress did not abrogate Eleventh Amendment immunity through § 1983, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979), nor has the CDOC expressly waived its sovereign immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir.1988). The Eleventh Amendment prohibits suit against a state entity, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003); *see also Hunt v. Colorado Dep't of Corrections*, No. 07-1400, 271 F. App'x 778, 780-81 (10th Cir. March 28, 2008) (unpublished). Accordingly, Mr. Johnson cannot obtain a judgment for damages against the individual Defendants, sued in their official capacities. However, he may pursue claims for prospective injunctive relief. *See Ex Parte* Young, 209 U.S. 123 (1908); *see also Branson Sch. Dist. RE–82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not . . . against the state for Eleventh Amendment purposes.").

### 2. personal participation

The Complaint is also deficient because Mr. Johnson fails to allege facts to show that Defendant Raemisch, the CDOC Executive Director, was personally involved in a deprivation of his constitutional or statutory rights. Magistrate Judge Boland warned Plaintiff in the August 26 Order that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993); see also Dodds v. Richardson, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)). A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Mr. Johnson's allegations that Defendant Raemisch promulgated the DOC Administrative Regulations that were enforced by the Defendant prison officials at Limon Correctional Facility to cause the alleged deprivation of Plaintiff's constitutional rights are insufficient to state an arguable claim for relief. Mr. Johnson does not allege any specific facts to show that Defendant Raemisch "deliberately enforced or actively maintained" the prison regulations in question at the Limon Correctional Facility. Dodds, 614 F.3d at 1203. Instead, Plaintiff's allegations demonstrate only passive involvement by Defendant Raemisch. Accordingly, the § 1983 claims asserted against Defendant Raemisch will be dismissed.

### B. RLUIPA claims

Plaintiff asserts that Defendants Burt, Swibas and Crockett violated his rights under RLUIPA by forcing him to choose between kosher meals that cause him to suffer an allergic reaction and a non-kosher diet, and by removing his kosher diet.

Again, Plaintiff's claims against the Defendants in their official capacities are construed as claims against the CDOC. The CDOC, a state agency, is entitled to Eleventh Amendment immunity from damages liability based on a violation of RLUIPA. See Sossamon v. Texas, ___ U.S. ___, 131 S.Ct. 1651, 1663 (2011) (concluding "that

States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver.").

Further, "there is no cause of action under RLUIPA for individual-capacity claims." *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012). As such, Mr. Johnson's available remedy under the RLUIPA is injunctive relief against the Defendants, sued in their official capacities.

**C. ADA claims**

Plaintiff claims that Defendants Burt, Swibas, Crockett, Boyd, Raemisch and Ewers violated Title II of the ADA when they denied him substitute kosher meals to accommodate his medical condition and denied him a previously-prescribed medical snack. He also claims that Defendant Russell, the ADA Inmate Coordinator, violated Title II of the ADA when she failed to ensure that he was housed in a single cell to accommodate his diagnosed paruresis – a condition that prevented him from urinating in another person's presence.[1]

Title II of the ADA states, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. § 12132.

Similarly, the denial of a medically-necessary, special diet to an inmate does not

---

[1] The Court construes the ADA claims as being asserted against the Defendants in their official capacities. *See Montez v. Romer*, 32 F.Supp.2d 1235, 1240-41 (D.Colo.1999); *see also* 42 U.S.C. § 12131(1)(B) (defining public entity as "any department, agency, special purpose district, or other instrumentality of a State or States or local government."); *Hicks v. Keller*, No. 11-cv-0422-WJM-KMT, 2012 WL 1414935, at *6 (D. Colo. April 24, 2012) ("[T]he proper defendant in a Title II claim is the public entity itself or an official acting in his or her official capacity.").

6

implicate the ADA. *See Fitzgerald v. Corr. Corp. of Am.,* 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims under Rehabilitation Act and ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir.1996) (concluding that the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners" and that the statute "does not create a remedy for medical malpractice"); *Burger v. Bloomberg,* 418 F.3d 882, 883 (8th Cir. 2005) (holding that an ADA claim cannot be based on medical treatment decisions); *Carrion v. Wilkerson*, 309 F.Supp.2d 1007, 1016 (N.D. Ohio 2004) (dismissing Title II ADA claim because the plaintiff's claim that he was denied a diabetic diet is "not the type of claim that the ADA. . . [was] intended to cover.") (internal quotation marks and brackets omitted)).

Similarly, Mr. Johnson's allegation that he was denied a single cell accommodation for his paruresis based on Russell's determination that "single cell/privacy may be contrary to treatment" challenges a medical determination, which does not implicate the ADA. *See id.; see also Thomas v. Pa. Dep't of Corr.,* 615 F.Supp.2d 411, 429 (W.D. Pa. 2009) (plaintiff's requests for a handicap cell that were denied based on a medical determination that they were not warranted did not support discriminatory treatment in violation of Title II of the ADA)*; Redding v. Hanlon,* No. 06-4575 (DWF/RLE), 2008 WL 762078, at *16 (D. Minn. March 19, 2008) (dismissing inmate's ADA claim where the plaintiff alleged that the defendants had denied him the single cell accommodation ordered by his doctor, not that he had been denied access to any service or program); *Cf. Rashad v. Doughty*, No. 00-6088, 4 F. App'x 558, 560 (10th Cir. Jan. 29, 2001) (unpublished) (observing that "the allegation that a disabled prisoner has been denied [medical] services that have been provided to other prisoners

may state an ADA claim").  Furthermore, Plaintiff states that he was placed in a single-cell on July 14, 2014.  (ECF No. 9, at 15).

Mr. Johnson does not allege facts to show that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities because of a covered disability. *See Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citation omitted).  Accordingly, Plaintiff's claim under Title II of the ADA will be dismissed as legally frivolous.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Johnson's § 1983 personal-capacity claims against Defendants Swibas, Burt, Crockett, Boyd, Ewers, and Russell, for money damages; his official capacity claims against those Defendants for prospective injunctive relief; and, the RLUIPA claims for injunctive relief, asserted against the Defendants in their official capacities, do not appear to be appropriate for summary dismissal and that the case should be assigned to District Judge Robert E. Blackburn and Magistrate Judge Kathleen M. Tafoya, pursuant to D.C.COLO.LCivR. 40.1(c)(1) because Mr. Johnson has another pending case – Civil Action No. 12-cv-02400-REB-KMT.

## III.  Orders

For the reasons discussed above, it is

ORDERED that Defendant Raemisch is DISMISSED from this action because Plaintiff has failed to state an arguable claim for relief against the Defendant.  It is

FURTHER ORDERED that the following claims are dismissed as legally frivolous: (1) the Title II ADA claims; and (2) the § 1983 and RLUIPA claims for damages against the Defendants sued in their official capacities; and, (3) the RLUIPA claims for damages asserted against the Defendants in their individual capacities.  It is

FURTHER ORDERED that Plaintiff's § 1983 personal-capacity claims against Defendants Swibas, Burt, Crockett, Boyd, Ewers, and Russell, for money damages; his official capacity claims against those Defendants for prospective injunctive relief; and, the RLUIPA claims for injunctive relief, asserted against the Defendants in their official capacities, shall be assigned to District Judge Robert E. Blackburn and Magistrate Judge Kathleen M. Tafoya, pursuant to D.C.COLO.LCivR. 40.1(c)(1). It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED October 31, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court