**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14–cv–02258–REB–KMT

SHANE JOHNSON,

     Plaintiff,

v.

CARIE SWIBAS, individual and official capacity as dietician,
JO ANN BURT, individual and official capacity as dietician,
CHARLEEN CROCKETT, individual and official capacity as Food Service Administrator,
KATHLEEN BOYD, individual and official capacity as nurse,
PEGGY EWERS, individual and official capacity as nurse, and
JULIE RUSSELL, individual and official capacity as ADA Inmate Coordinator,

     Defendants.

---

**ORDER CONCERNING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

     The matters before me are: (1) the **Motion To Dismiss Pursuant to Fed. R. Civ. P.  12(b)(1) and (6)** [#25][1] filed December 30, 2014; (2) the **Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) In Part** [#26] filed January 5, 2015; and (3) the corresponding **Recommendation of United States Magistrate Judge** [#40] filed August 27, 2015.  The plaintiff filed objections [#43] to the recommendation.  I sustain the objections in part, overrule the objections in part, and approve and adopt the recommendation in part and respectfully reject it in part.  I grant each motion to dismiss in part and deny each in part.

---

[1]   "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Mr. Johnson is proceeding *pro se.* Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects.  I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

The motions to dismiss seek dismissal of the amended complaint [#9] of the plaintiff.  The plaintiff, Shane Johnson, is an inmate in the Colorado Department of Corrections.  His claims in this case revolve around three contentions: (1) that he was denied access to kosher meals to which he is not allergic; (2) that he was denied access to daily medical snacks; and (3) that he was denied accommodation of his "shy bladder" condition, which prevents him from urinating in the presence of another person.

For three years, Mr. Johnson alleges, he was provided kosher meals and high protein medical snacks, apparently without problems. In September 2013, he claims, he developed a rash and lesions shortly after eating "Meal Mart" brand kosher dinners.  Mr. Johnson claims substitute kosher meals are available, but prison officials claimed to the contrary.  In essence, Mr. Johnson contends, he was required to choose between kosher meals to which he was allergic or non-kosher meals to which he was not allergic.

2

He filed grievances concerning this situation.  In January 2014, Mr. Johnson alleges, he received a grievance response.  He was informed there that his medical snack had been cancelled by certain DOC officials.

Mr. Johnson claims he suffers from "shy bladder," a condition which prevents him from urinating in the presence of another person.  In February 2014, Mr. Johnson was housed in administrative segregation, where he did not share a cell.  Anticipating his transfer out of administrative segregation, Mr. Johnson requested accommodation of the shy bladder condition in the future, when he was transferred to a different facility. This request was denied because Mr. Johnson had not been moved to a facility where he was likely to share a cell.  After he was moved, Mr. Johnson contends, he was required to share a cell, he was unable to urinate, and he suffered great pain on several occasions as a result.

In the recommendation [#43], the magistrate judge addresses the claims asserted by Mr. Johnson as challenged in the motions to dismiss.  Addressing the claim for injunctive relief against defendant Jo Ann Burt, the magistrate judge recommends that this claim be dismissed as moot because Ms. Burt no longer is employed by the DOC.  Thus, an injunction against Ms. Burt would have no effect.

The magistrate judge recommends that the motions to dismiss the religious rights claims against Ms. Burt and defendant Charleen Crockett be granted and that the motion to dismiss those claims be denied as to defendant Carie Swibas.  The magistrate judge recommends further that the retaliation claims be dismissed as to all defendants and that the Eighth Amendment claim be dismissed as to defendant Julie Russell.  Concerning the Eighth Amendment claim of Mr. Johnson based on the alleged

denial of a kosher diet, the magistrate judge recommends that the motion to dismiss be denied as to defendants Jo Ann Burt and Carie Swibas.  After careful review, I approve and adopt each of these recommendations.

The magistrate judge concludes also that Mr. Johnson does not assert an Eighth Amendment kosher diet claim against defendants Charleen Crockett and Kathleen Boyd.  I disagree and find that Mr. Johnson has at least attempted to assert an Eighth Amendment claim against these two defendants.  Having reviewed the allegations in support of the Eighth Amendment kosher diet claim against Ms. Crockett and Ms. Boyd, I find and conclude that the allegations are not sufficient to state an Eighth Amendment claim against Ms. Crockett and Ms. Boyd.  This is true primarily because the allegations are conclusory and do not include allegations of fact which, if true, would establish deliberate indifference.  Thus, I adopt the recommendation of the magistrate judge that the Eighth Amendment kosher diet claim against Ms. Crockett and Ms. Boyd be dismissed, but on alternative grounds.

The magistrate judge recommends that the Eighth Amendment claim against defendant Peggy Ewers be dismissed because the sole allegation against Ms. Ewers is that she denied a grievance concerning the attempts of Mr. Johnson to obtain medical care.  Mr. Johnson alleges also that Ms. Ewers had the responsibility and authority to give medical attention to Mr. Johnson or arrange for medical care for Mr. Johnson. *Complaint* [#9], p. 9.  In the context of the other medical care allegations in the complaint, these allegations are sufficient to state an Eighth Amendment claim for denial of medical care against Ms. Ewers.  On this point, I sustain the objections [#43] and respectfully reject the recommendation [#40].

4

Finally, the magistrate judge addresses the claim of qualified immunity asserted by the defendants in their motions to dismiss.  "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct."  ***Leverington v. City of Colorado Springs***, 643 F.3d 719, 732 (10th Cir.2011) (internal quotation and citation omitted).  For the claims on which Mr. Johnson has not alleged facts sufficient to state a claim, qualified immunity shields the defendants.

To the extent Mr. Johnson has alleged facts sufficient to state a claim for a constitutional or statutory violation, the statutory and constitutional rights in question are clearly established.  Those rights include the First Amendment right to free exercise of religion and the concomitant statutory rights under Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc - 2000cc-5. Those rights also include the Eighth Amendment right to adequate food and medical care in prison.  As to those claims, the claim of the defendants to qualified immunity must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#40] filed August 27, 2015, is rejected respectfully as to the recommendation that the Eighth Amendment claim against defendant Peggy Ewers be dismissed;

2.  That as to Eighth Amendment claim for denial of medical care against Ms. Ewers, I sustain the objections [#43] of the plaintiff;

3.   That otherwise, the **Recommendation of United States Magistrate Judge** [#40] filed August 27, 2015, is approved and adopted as an order of this court, with the alternative basis expressed in this order for dismissal of the Eighth Amendment kosher diet claim against Ms. Crockett and Ms. Boyd;

4.   That otherwise, the objections [#43] of the plaintiff are overruled;

5.   That the **Motion To Dismiss Pursuant to Fed. R. Civ. P.  12(b)(1) and (6)** [#25] filed December 30, 2014, by defendant Jo Ann Burt is denied as to the Eighth Amendment kosher diet claim;

6.   That otherwise, the **Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** [#25] filed December 30, 2014, by defendant Jo Ann Burt is granted, including all claims for injunctive relief against Ms. Burt;

7.   That the **Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) In Part** [#26] filed January 5, 2015, is denied as to the following claims:

- the religious rights claim against Carie Swibas;

- the Eighth Amendment kosher diet claim against Jo Ann Burt and Carie Swibas;

- the Eighth Amendment medical care claim against Peggy Ewers;

8.   That otherwise, the **Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) In Part** [#26] filed January 5, 2015, is granted to include the following claims:

- the claim for injunctive relief against Jo Ann Burt;

- the religious rights claims against Jo Ann Burt and Charleen Crockett;

- the retaliation claims against all defendants;

6

- the Eighth Amendment claim against Julie Russell, Charleen Crockett, and Kathleen Boyd; and

9.  That because no claims remain pending against them, defendants Charleen Crockett, Kathleen Boyd, and Julie Russell are dropped as defendants, and the caption shall be amended accordingly.

Dated September 28, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge