IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 14–cv–02258–REB-KMT

SHANE JOHNSON,

    Plaintiff,

v.

CARIE SWIBAS, individual and official capacity as dietician,
JO ANN BURT, individual and official capacity as dietician, and
PEGGY EWERS, individual and official capacity as nurse,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) the defendants' **Motion for Summary Judgment** [#63][1] filed September 9, 2016; and (2) the **Recommendation of United States Magistrate Judge** [#83] filed July 28, 2017. The plaintiff filed objections [#86] to the recommendation on September 11, 2017.[2]

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the

---

[1] "[#63]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] On August 18, 2017, I granted the motion of the plaintiff [#84] for an extension of time to file objections to the recommendation of the magistrate judge. The plaintiff asked that the deadline for objections be extended to September 4, 2017. In my order [#85], I granted the motion and extended the deadline for objections to September 4, 2017. The envelope [#86-1] in which the objections [#86] were delivered indicates that the objections were placed in the prison mail on September 2, 2017. Thus, I find that the objections were timely filed.

recommendation, objections, and applicable caselaw.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by attorneys. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Finding no error in the recommendation, I find and conclude that recommendation should be approved and adopted. I overrule the objections [#86].

As detailed by the magistrate judge, the remaining claims in this case are Eighth Amendment claims against the three remaining defendants and a First Amendment claim against defendant Peggy Ewers. All other claims were dismissed previously. In her detailed recommendation [#83], the magistrate judge describes the claims still at issue, the evidence presented by the parties in the summary judgment briefing, and the analysis of the magistrate judge. On both the First Amendment claim and the Eighth Amendment claim, the magistrate judge concludes that the evidence in the record does not show that there remains any genuine issue of disputed fact as to any aspect of these claims. The evidence in the record does not support a conclusion by a reasonable fact-finder that the plaintiff suffered a violation of his rights under the First or Eighth Amendments. In addition, the magistrate judge concludes that, even if the plaintiff had come forward with evidence to support a viable claim, the defendants are entitled to qualified immunity as to any such claim.

In his objections [#86], the plaintiff, Shane Johnson, enumerates 15 objections to the recommendation. I address each objection in turn.

**One & Two**: Prior to December 23, 2013, Mr. Johnson was receiving three supplemental snacks per day. On December 23, 2013, Nurse Boyd cancelled the snacks after determining Mr. Johnson had no medical need for supplemental snacks. On April 4, 2014, Mr. Johnson filed a grievance with Ms. Ewers describing symptoms he had and requesting that his snacks be resumed. Ms. Ewers denied the grievance due to procedural error. Ms. Ewers could not find a record of a request, a "kite," from Mr. Johnson asking to be seen by a medical provider. Mr. Johnson claims the denial of this grievance violated his Eighth Amendment right against cruel and unusual punishment.

Mr. Johnson claims the magistrate judge mis-characterized and improperly limited his Eighth Amendment claim by limiting this claim to the allegation that defendant Peggy Ewers denied a grievance concerning Mr. Johnson's medical care. Although the magistrate judge makes a statement to this effect in the recommendation, at pages 18 - 19, the magistrate judge addresses in the recommendation other aspects of Mr. Johnson's claim against Ms. Ewers. *Recommendation* [#83], pp. 17 - 19. The magistrate judge addresses Mr. Johnson's contention that Ms. Ewers was responsible for providing or arranging medical care for him. *Id.*, p. 17. Correctly, the magistrate judge concluded that the evidence does not support this contention. In addition, the magistrate judge concluded that the evidence does not show that Ms. Ewers was aware of a substantial risk of serious harm to Mr. Johnson's health or that Ms. Ewers was presented with an emergent situation when reviewing the grievance of Mr. Johnson. These conclusions are correct.

3

**Three**: Mr. Johnson "contends that a medical record on 12/23/13 (concluding that there's no indication for snacks while Plaintiff is receiving three per day) is immaterial to a 4/3/14 request for medical care," apparently referring to the grievance addressed by Ms. Ewers. *Objections* [#86], p. But then Mr. Johnson says the December 13, 2013, record is the reason for the April 3, 2014, request for medical care, again apparently referring to the grievance addressed by Ms. Ewers. Mr. Johnson claims there is a genuine dispute about whether the denial of his snacks in December of 2013, is sufficient to excuse Ms. Ewers' decision to deny the April 4, 2014, grievance. The magistrate judge addressed this chain of events and properly analyzed the evidence and the law applicable to this aspect of the Eighth Amendment claim against Ms. Ewers.

**Four**: This objection relates to the claims against the defendants for failure to provide Mr. Johnson with meals other than the Meal Mart meals he was being given. Mr. Johnson claims he is allergic to one or more ingredients in those meals and his allergic reactions caused some or all of the symptoms he suffered. Mr. Johnson disagrees with the conclusion of the magistrate judge that, at the relevant points in time, Mr. Johnson had not been diagnosed with a food allergy. The magistrate judge addresses this issue in detail. *Recommendation* [#83], pp. 10 - 16. Mr. Johnson's interpretation of the medical records does not support his contention that he had been diagnosed with a food allergy at the relevant times.

**Five**: Mr. Johnson claims Exhibit B-13 to his response to the motion for summary judgment demonstrates that Jo Ann Burt, a dietician, disregarded the recommendation of a physician that Mr. Johnson's meals be changed. *Response* [#67],

4

Exhibit B-13 (CM/ECF p. 35).  On that form, a medical provider describes Mr. Johnson's self-diagnosis of a food allergy and his request for a substitute meal.  The provider says Mr. Johnson "would like to try the substitute meal?  not sure what that is.  thank you." *Response* [#67], Exhibit B-13 (CM/ECF p. 35) (punctuation and lack of capitalization in original).  Ms. Burt responds to the provider and says RAST testing for genuine food allergies is recommended when such an allergy is suspected.  Exhibit B-13 does not support the contention of Mr. Johnson that Ms. Burt disregarded the diagnosis and directions of a physician or that she disregarded a substantial risk of serious harm to Mr. Johnson.

Similarly, Mr. Johnson claims Exhibits B-11 and B-13 to his response to the motion for summary judgment demonstrate that Carie Swibas, a dietician, disregarded the recommendation of a physician that Mr. Johnson's meals be changed.  *Response* [#67], Exhibit B-11 & B-17 (CM/ECF pp. 33, 39).  In Exhibit B-11, an ambulatory health record, the provider notes that Mr. Johnson says he is having issues with Meal Mart meals.  The provider notes that Mr. Johnson has not seen a dietician and that he has had a RAST test for some foods to evaluate allergies.  Results of that test are not stated.  This document does nothing to support Mr. Johnson's Eighth Amendment claim against  Ms. Burt because it does not tend to show that Ms. Burt disregarded the diagnosis and directions of a physician or that she disregarded a substantial risk of serious harm to Mr. Johnson.  In Exhibit B-17, a medical provider discusses Mr. Johnson's allergy symptoms and Mr. Johnson's conclusion that the Meal Mart meals cause the symptoms.   The provider says "email dietician about his diet."  These exhibits do not support the contention of Mr. Johnson that Ms. Swibas disregarded the

5

diagnosis and directions of a physician or that she disregarded a substantial risk of serious harm to Mr. Johnson.

**Six**: Mr. Johnson notes that the magistrate judge quoted in the recommendation a Department of Corrections (DOC) regulation which addresses treatment of an offender who enters the DOC with a confirmed food allergy. *Recommendation* [#83], p. 14. In his response to the motion for summary judgment, Mr. Johnson cited a related DOC regulation which addresses treatment of an offender after testing confirms a suspected food allergy. *Response* [#67], p. 2. He claims this regulation tends to show he had been diagnosed with a food allergy and Ms. Burt and Ms. Swibas ignored the diagnosis and deviated from the DOC regulations.

Given the evidence in the record, the magistrate judge concluded as follows:

> Although Plaintiff complains Defendants Swibas and Burt should not have ordered RAST testing and instead, should have changed his diet upon his personal diagnosis of a food allergy, the DOC regulations mandate otherwise, specifically requiring DOC officials to confirm a food allergy prior to ordering a change in diet. (DOC. No. 63-7 at 3 - 4.)

*Recommendation* [#83], p. 14. This is an accurate description of the tenor of the related regulations cited by Mr. Johnson and by the magistrate judge. Given the other evidence in the record, nothing about these regulations tends to show that Mr. Johnson had been diagnosed with a food allergy at the points in time relevant to his claim against Ms. Burt and Ms. Swibas.

**Seven**: Mr. Johnson objects to the conclusion of the magistrate judge that "once the RAST testing was completed, it indicated Plaintiff did not suffer from a food allergy." *Recommendation* [#83], p. 13. Mr. Johnson says the RAST testing tests for fewer than ten percent of the ingredients in the Meal Mart meals. Thus, he concludes, he may

6

have a food allergy to one or more ingredients not tested in the RAST test. Certainly, that is conceivable. That possibility, however, does not change the Eighth Amendment analysis. The medical records indicate Mr. Johnson may have a food allergy but, after testing, there has been no conclusive diagnosis. In those circumstances, the possibility that Mr. Johnson has a food allergy does not show that Ms. Burt or Ms. Swibas disregarded the diagnosis and directions of a physician or that either of them disregarded a substantial risk of serious harm to Mr. Johnson.

**Eight & Nine**: Mr. Johnson claims Ms. Burt and Ms. Swibas were obligated to provide Mr. Johnson with alternative meals once a suspicion of a food allergy arose, even though that suspicion was unconfirmed by tests. *Objections* [#86], p. 10. The record tends to show that Ms. Burt and Ms. Swibas knew Mr. Johnson suspected a food allergy and some medical providers had the same suspicion, but there was no formal diagnosis. Mr. Johnson "believes it was 'callous and reckless' for Defendants to insist that Plaintiff continue on suspected allergy/lesion causing food, while Plaintiff awaited test results." *Objection* [#86], p. 11. Further, once the RAST test came back negative for the ingredients tested, Mr. Johnson claims Ms. Burt and Ms. Swibas acted with deliberate indifference to his serious medical needs when they refused to provide Mr. Johnson with alternative meals. The decision not to alter Mr. Johnson's diet while awaiting testing, after test results came back negative, and even though an allergy was suspected, does not show that Ms. Burt or Ms. Swibas disregarded the diagnosis and directions of a physician or that either of them disregarded a substantial risk of serious harm to Mr. Johnson.

7

**Ten**: Mr. Johnson claims the magistrate judge focused on the treatment notes of Dr. Christener when concluding that Ms. Burt and Ms. Swibas were not directed by a physician to provide substitute meals. He claims the magistrate judge "focuses on only Dr. Christner" and disregards the notes of Dr. McKay. *Objection* [#83], p. 12. In fact, the magistrate judge describes in the recommendation the notes of Dr. McKay. *Recommendation* [#83], p. 13. She addresses this evidence in her analysis. Mr. Johnson also argues with the magistrate judge's reading of Cr. Christner's notes as something other than a recommendation that a food substitute be provided. He cites Exhibit B-13 to his response. *Response* [#67], Exhibit B-13 (CM/ECF p. 35). In Exhibit B-13, a person who Mr. Johnson says is Dr. Christner writes:

> inmate states he has notice that when he gets food from meal mart his rash is worse, he is currently on hep c treatment and has lost 8lb this last month he would like to try the substitute meal? not sure what that is. thank you.

*Response* [#67], Exhibit B-13 (CM/ECF p. 35) (punctuation and lack of capitalization in original). Mr. Johnson views these words as a recommendation from Dr. Christner that an alternative meal be provided to Mr. Johnson. These words do not express a diagnosis by Dr. Christner or a recommendation of alternative meals by Dr. Christner.

**Eleven**: Mr. Johnson challenges the statement of the magistrate judge that Ms. Swibas and Ms. Burt provided Mr. Johnson with testing to determine the presence of food allergies. He says dieticians, like Ms. Burt and Ms. Swibas, do not do medical testing. Taking that proposition as true, the Eight Amendment analysis is not changed. The fact that dieticians don't do medical testing does not tend to show that Ms. Burt or Ms. Swibas disregarded the diagnosis and directions of a physician or that either of

8

them disregarded a substantial risk of serious harm to Mr. Johnson.

**Twelve**: In the recommendation, the magistrate judge said "Plaintiff's disagreement with Defendants' administration of the RAST testing to determine whether he suffered from food allergies does not support deliberate indifference under the Eighth Amendment claim." *Recommendation* [#83], p. 15. Mr. Johnson says he does not object to objective medical testing for a food allergy. He claims, however, that the refusal to provide alternative meals, before and after testing, was against the physicians' recommendations and against common sense. He claims the testing was lackadaisical and incomplete but says he "did not disagree with the RAST allergy testing by the physicians." *Objections* [#86], pp. 14 - 15. Again, he claims a physician surmised "that there was something to the Meals that was causing rash/lesions, recommended a substitute and Defendants refused . . . ." *Objections* [#86], p. For the reasons discussed above, the evidence, even when viewed in the light most favorable to Mr. Johnson, shows, at most, physicians' suspicion that Mr. Johnson may suffer from a food allergy. The evidence, viewed in the light most favorable to Mr. Johnson, does not show a physician recommendation or requirement that Mr. Johnson be provided alternative meals.

**Thirteen**: Objection thirteen concerns the claim of Mr. Johnson that the refusal to provide alternative meals violated his First Amendment right to free exercise of religion and his rights under Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc - 2000cc-5. The defendants do not challenge the sincerity of Mr. Johnson's religious beliefs, which require limiting his diet to kosher foods. Addressing this claim, the magistrate judge said the defendants "must show a

9

compelling interest in maintaining the policy requiring medical confirmation of food allergies prior to offering alternative meals, and also that the policy is the least restrictive means of protecting that interest." *Recommendation* [#83], p. 22. Ms. Swibas asserts interests in avoiding administrative burdens and exorbitant labor complications and costs which would occur if the DOC allowed inmates to make meal requests based on self-diagnosis or personal preference rather than confirmed medical necessity. *Recommendation* [#83], p. 22.

In objection thirteen, Mr. Johnson says he "never made any request for a meal" and did not specify a personal preference. He also says his request for substitute meals was not based on a self-diagnosis. Rather, he says, his request was based on an assessment by Dr. McKay. *Objections* [#86], p. 17. As discussed above, the evidence, even when viewed in the light most favorable to Mr. Johnson, shows, at most, physicians' suspicion that Mr. Johnson may suffer from a food allergy. The evidence, viewed in the light most favorable to Mr. Johnson, does not show a physician recommendation or requirement that Mr. Johnson be provided alternative meals. The magistrate judge properly assessed the evidence on these issues and properly applied the relevant standards of the First Amendment and RLUIPA.

**Fourteen**: The magistrate judge found that Ms Swibas is entitled to qualified immunity as to Mr. Johnson's First Amendment and RLUIPA claims because the actions of Ms. Swibas did not violate clearly established law. *Recommendation* [#83], p. 25. Mr. Johnson claims the defendant "did not argue that Plaintiff did not find the 'clearly established law' . . ." and he objects that the magistrate judge is raising arguments the defendants did not raise. *Objections* [#86], p. 18. The defendants raised the defense of

10

qualified immunity. Addressing that defense requires a court to determine whether or not the wrong alleged by a plaintiff violates clearly established law. The magistrate judge properly addressed this issue.

**Fifteen**: Mr. Johnson claims the defendants' motion for summary judgment did not address his religious rights claim against Ms. Swibas for "working in concert to cancel (his) kosher diet under pretext." *Response* [#67], p. 16. He also claims the motion for summary judgment did not address his Eighth Amendment denial of medical care claim against Ms. Ewers for her denial of medical attention when she did not set a medical appointment for Mr. Johnson after she was notified of his symptoms. In the recommendation, the magistrate judge noted Mr. Johnson's allegation that Ms. Swibas worked to cancel Mr. Johnson's kosher diet. As the magistrate judge and the defendants noted, these allegations were part of Mr. Johnson's retaliation claim, which was dismissed previously. *Recommendation* [#83] p. 19 n. 1; *Reply* [#74], p. 6 n. 1. The magistrate judge did not err when she declined to re-visit a previously dismissed claim. Further, as noted previously, the recommendation discusses the claim against Ms. Ewers for her alleged denial of medical attention.

I have reviewed *de novo* all portions of the recommendation to which Mr. Johnson objects. After *de novo* review, I concur with the recommendation. Therefore, I overrule the objections and I approve and adopt the recommendation.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#83] is approved and adopted as an order of this court;

2. That the objections [#86] of the plaintiff are overruled;

3. That under Fed. R. Civ. P. 56, the defendants' **Motion for Summary Judgment** [#63] is granted;

4. That summary judgment is granted in favor of the defendants on the Eighth Amendment claim of the plaintiff against defendants Carie Swibas, Jo Ann Burt, and Peggy Ewers and the First Amendment claim of the plaintiff against defendant Carie Swibas;

5. That based on the **Order to Dismiss in Part and To Assign Case** [#10], the **Order Concerning Recommendation of the United States Magistrate Judge** [#45], and the present order, judgment shall enter against the plaintiff, Shane Johnson, and in favor of all defendants named in this case, Carie Swibas, Jo Ann Burt, Charleen Crockett, Kathleen Boyd, Peggy Ewers, Rick Raemisch, and Julie Russell, as to all claims asserted by the plaintiff in this case;

6. That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That this case is closed.

Dated September 13, 2017, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge